**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. BETHANY NIMAN, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-00144-JED-FHM |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| 1. M.E. INTERIORS, LLC, a domestic ) | ATTORNEY'S LIEN CLAIMED |
| limited liability company, ) | FOR THE FIRM |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**COMES NOW** the Plaintiff, Bethany Niman ("Plaintiff"), by and through her attorney of record, Jessica N. Bailey of Armstrong & Vaught, P.L.C., and brings this action pursuant to the Fair Labor Standards Act against Defendant, M.E. Interiors, LLC ("Defendant"). In support thereof, Plaintiff hereby states and alleges the following:

**JURISDICTION AND VENUE**

1. Plaintiff was at all times relevant to this cause of action employed by Defendant within the Northern District of Oklahoma.

2. Plaintiff was at all times relevant to this cause of action, domiciled in and a citizen of the State of Oklahoma.

3. At all times relevant to this Complaint, Plaintiff performed accounting services for Defendant within the State of Oklahoma.

4. Defendant M.E. Interiors, LLC ("M.E. Interiors"), is a domestic limited liability company whose principle place of business is 8816 S. Sheridan Road, Tulsa, OK, 74133.

5. At all times relevant to this Complaint, Defendant was an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

6. Defendant conducts business within the State of Oklahoma, providing interior decorating services within the State of Oklahoma.

7. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa County, State of Oklahoma.

8. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, this Court has jurisdiction over the parties and the subject matter of this action, because the action arises under the Constitution and laws of the United States.

9. Pursuant to 28 U.S.C. § 1391(b), this action properly lies in the Northern District of Oklahoma, because a substantial portion of the events or omissions giving rise to this claim occurred in the Northern District of Oklahoma.

## OPERATIVE FACTS

10. Plaintiff was hired by Defendant in the accounting department on August 1, 2016 making $15 per hour.

11. Plaintiff's job duties included entering data into accounting programs, invoicing customers, collecting payments, entering customer orders, scheduling deliveries, and engaging in customer service and sales.

12. Plaintiff was hired to work forty hours a week, but consistently worked fifty to sixty hours each week.

13. Defendant misclassified Plaintiff as an exempt salary employee in November of 2016.

14. Plaintiff was not made aware of her becoming a salary employee until after the change was put into effect.

15. Plaintiff did not meet any exemptions under the Fair Labor Standards Act.

16. Defendant failed to pay Plaintiff overtime pay required by law.

## FIRST CLAIM
### (Violation of FLSA)

17. Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section and further states, as follows:

18. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

19. Defendant misclassified Plaintiff as a salary employee.

20. Defendant unlawfully refrained from paying Plaintiff an overtime premium for hours worked in excess of forty per week.

21. Defendant's failure to pay Plaintiff overtime wages was willful.

22. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; and (4) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**


By:  *s/ Jessica N. Bailey*
**Jessica N. Bailey, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
*jbailey@a-vlaw.com*
***Attorney for Plaintiff***